UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JEFFREY TRAUTH, ET AL | * | CIVIL ACTION |
| VERSUS | * | NO: 07-3097 |
| AUDUBON INSURANCE COMPANY, ET AL | * | SECTION: "D"(5) |

**ORDER AND REASONS**

Before the court is the **"Motion for Summary Judgment"** (Doc. No. 15) filed by Defendant, the Director of the Federal Emergency Management Agency (FEMA). ***No memorandum in opposition was filed.*** The motion, set for hearing on Wednesday, October 24, 2007, is before the court on briefs, without oral argument. Now, having considered the memorandum of FEMA's counsel, the record, and the applicable law, the court finds that there is no genuine issue of material fact and FEMA is entitled to judgment as a matter of law.

In this Hurricane Katrina-related matter, Plaintiffs seek flood insurance proceeds allegedly owed on a Standard Flood Insurance Policy (SFIP) for flood damage to Plaintiffs' property located at 2621-23 North Miro Street, New Orleans, Louisiana. However, based on the undisputed Declaration of Karen Christian (an

insurance examiner for FEMA), there is no record that Plaintiffs ever submitted a complete and timely Proof of Loss for their alleged Katrina-related flood damage. (*See* Doc. No. 15-5, FEMA's Ex. 1, Christian Declaration).

As a matter of law, such a failure to timely file the requisite proof of loss is fatal to Plaintiff's instant claims against FEMA.[1] *Wright v. Allstate*, 415 F.3d 384, 387-88 (5th Cir. 2005); *Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir. ; and *Forman v. Fed. Emergency Mgmt. Agency*, 138 F.3d 543, 545-46 (5th Cir. 1998). Accordingly;

**IT IS ORDERED** that FEMA's **"Motion for Summary Judgment"** be and is hereby **GRANTED**, dismissing Plaintiffs' claims against FEMA with prejudice.

New Orleans, Louisiana, this **24th** day of **October**, **2007**.

_A.J. McNAMARA_
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE

---

[1]    This court has previously held that under binding Fifth Circuit precedent, a plaintiff's failure to timely file a sworn proof of loss is fatal to a claim for federal benefits under the Plaintiff's SFIP. (*See e.g.*, *Marseilles Homeowners Condominium Ass'n, Inc. v. Fidelity Nat. Ins.* Co., 2007 WL 2363141 (E.D.La. 2007)(McNamara, J.); *Newlin v. Fidelity National Property & Casualty Ins. Co.*, 2007 WL 1466819 (E.D.La. 2007)(McNamara, J.), *Airhart v. Allstate Insurance Company*, 2007 WL 2127720 at *2 (E.D.La. 2007)(McNamara, J.); and *Sandot v. La. Citizens Fair Plan*, No. 06-3783, Doc. No. 25 (McNamara, J).

3